**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| JAMES W. DENBY; WILMA J. LOGSTON, | No.   20-16319 |
| Plaintiffs-Appellees, | D.C. No. 2:17-cv-00119-SPL |
| and | |
| ELIZABETH J. TORRES, | MEMORANDUM* |
| Plaintiff, | |
| v. | |
| DAVID ENGSTROM; et al., | |
| Defendants-Appellants, | |
| and | |
| CITY OF CASA GRANDE; COUNTY OF PINAL, | |
| Defendants. | |

Appeal from the United States District Court
for the District of Arizona
Steven Paul Logan, District Judge, Presiding

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Argued and Submitted March 17, 2021
San Francisco, California

Before:  MURGUIA and CHRISTEN, Circuit Judges, and LEFKOW,[**] District Judge.

This interlocutory appeal arises from the search of plaintiffs' home by defendants City of Casa Grande, County of Pinal, and individually named police officers.  Plaintiffs brought suit pursuant to 42 U.S.C. § 1983 alleging a violation of their Fourth Amendment rights.  Defendants contend the district court erred by denying their motion to dismiss, which sought qualified immunity for five individual officers.  We have jurisdiction pursuant to 28 U.S.C. § 1291.  We affirm the district court's ruling.[1]

We review the denial of qualified immunity de novo.  *Kennedy v. City of Ridgefield*, 439 F.3d 1055, 1059 (9th Cir. 2006).  Dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) is appropriate "where the allegations in the complaint do not factually support a cognizable legal theory."  *Dent v. Nat'l Football League*, 968 F.3d 1126, 1130 (9th Cir. 2020) (internal citation omitted). We "accept as true all well-pleaded allegations of material fact," and construe

---

[**]  The Honorable Joan H. Lefkow, United States District Judge for the Northern District of Illinois, sitting by designation.

[1]  The parties are familiar with the facts, and we recount them only as necessary to resolve the issues on appeal.

those facts "in the light most favorable to the nonmoving party." *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). "Once the defense of qualified immunity is raised by the defendant, the plaintiff bears the burden of showing that the rights allegedly violated were 'clearly established.'" *LSO, Ltd. v. Stroh*, 205 F.3d 1146, 1157 (9th Cir. 2000).

1. The district court previously granted in part and denied in part defendants' first Rule 12(b)(6) motion. The court dismissed with prejudice Claim Three, for municipal liability, which was only alleged against the City of Casa Grande and Pinal County, and Claim Four, for failure to train/supervise, which was alleged against all defendants. The court denied the motion to dismiss Claim One (unreasonable search and seizure) and Claim Two (failure to intervene) with respect to all thirteen individual defendants in a one-line denial of qualified immunity on the ground that the claims required "further factual development." Defendants appealed. In a memorandum disposition, we remanded with direction to the district court to examine the allegations against each defendant. The district court conducted an individualized assessment of the officers' conduct on remand, and granted qualified immunity to eight of the individual defendants. The only issue in this second appeal is the district court's denial of qualified immunity

3

asserted by the five remaining defendants, David Engstrom, Rory Skedel, Chris Lapre, Brian Gragg[2], and Jacob Robinson, for Claims One and Two.

2.     Qualified immunity protects government officials "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (internal quotations omitted) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)).  Qualified immunity "gives government officials breathing room to make reasonable but mistaken judgments about open legal questions." *Ashcroft v. al-Kidd*, 563 U.S. 731, 743 (2011).  In determining whether to grant qualified immunity, the court considers "(1) whether there has been a violation of a constitutional right; and (2) whether that right was clearly established at the time of the officer's alleged misconduct." *Lal v. California*, 746 F.3d 1112, 1116 (9th Cir. 2014).  A right is clearly established if its contours are "sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Alston v. Read*, 663 F.3d 1094, 1098 (9th Cir. 2011) (internal citation omitted).

---

[2] The complaint spells defendant Gragg's last name as "Gregg."  We adopt the spelling used in defendant Gragg's affidavit filed in the district court.

3.     The district court did not err by denying qualified immunity to defendants Engstrom, Skedel, Lapre, Gragg, and Robinson on plaintiff's Fourth Amendment claim for an unreasonable search and seizure.  To assess the reasonableness of a search authorized by a warrant, we examine whether the degree of intrusion matched the underlying purpose of the intrusion.  *See San Jose Charter of Hells Angels Motorcycle Club v. City of San Jose*, 402 F.3d 962, 971 (9th Cir. 2005).  Here, plaintiffs allege that defendants searched their home in an attempt to arrest Ochoa, a suspect in a domestic-violence incident.  Plaintiffs allege the search of their home was unreasonable because defendants searched spaces too small to hide a person and used unnecessarily destructive force.  *See Maryland v. Buie*, 494 U.S. 325, 334–35 (1990) (permitting protective sweep of home incident to arrest "only to [conduct] a cursory inspection of those spaces where a person may be found"); *Arizona v. Hicks*, 480 U.S. 321, 324–25 (1987) (taking action unrelated to an authorized intrusion constitutes a separate, unjustified invasion of the Fourth Amendment); *United States v. Lemus*, 582 F.3d 958, 964 (9th Cir. 2009) (permitting search of room where arrest took place because it was large enough to hide another person).

Evaluating the reasonableness of a search "will reflect a careful balancing of governmental and private interests."  *Soldal v. Cook County*, 506 U.S. 56, 71

(1992) (internal quotation marks and citation omitted). "[O]fficers executing a search warrant occasionally must damage property in order to perform their duty . . . [and] only unnecessarily destructive behavior, beyond that necessary to execute a warrant effectively, violates the Fourth Amendment." *Liston v. County of Riverside*, 120 F.3d 965, 979 (9th Cir. 1997) (internal quotation marks and citation omitted). We must adopt the perspective of a reasonable police officer on the scene. *Id.* at 976. The objective reasonableness of the use of force is not assessed with 20/20 hindsight. *Id.*

The complaint plausibly alleges that defendants violated plaintiffs' Fourth Amendment right to be free from unreasonably destructive searches. *See Buie*, 494 U.S. at 335–36; *Hicks*, 480 U.S. at 324–25; *Liston*, 120 F.3d at 979. The domestic-violence victim informed the Casa Grande Police Department that Ochoa was not armed with lethal force. Before entering the home, defendant Engstrom noticed movement under a tarp behind the house but did not investigate it. Instead, prior to obtaining a search warrant, a SWAT team used a "Bearcat" vehicle, operated by defendant Lapre, to drive through an exterior fence and into the side of plaintiffs' home, breaking windows and the front door. The complaint alleges that defendants Gragg, Skedel, and Lapre were the leaders of the SWAT team. After obtaining a warrant, two robots were deployed to search the house, but there was

6

no sign of Ochoa, nor did Ochoa respond to calls from a public address system.

The complaint alleges that over the course of six hours, defendants deployed approximately twenty-two times the required amount of tear gas and pepper spray to penetrate an area the size of plaintiffs' home. Specifically, the complaint alleges that defendant Lapre launched the tear gas and pepper spray canisters and defendant Robinson provided security for defendant Lapre while he launched the chemical munitions. Every window in the home was broken, and defendants caused extensive damage. When defendants entered plaintiffs' home, they allegedly crushed and smashed furniture "objectively too small to hide a human body," tore open cushions and pillows, smashed all the windows and destroyed window coverings, smashed shower doors and bathroom mirrors, "obliterated" toilets, and stomped and smashed televisions, artwork, heirlooms, and antiques.[3] Defendants Engstrom, Gragg, Lapre, and Skedel are alleged to have either entered or directed others that entered plaintiffs' home. Plaintiffs allege that defendants

---

[3] We refer to defendants collectively where the complaint does. This case arose at the 12(b)(6) stage. Discovery may later demonstrate that different defendants took particular actions.

either destroyed all, or nearly all, of plaintiffs' property within the residence, and caused extensive damage from burst plumbing, flooding, and chemical sprays.[4]

Plaintiffs' Fourth Amendment right to be free from unreasonably destructive searches was clearly established at the time of the search. We have held that individuals have a Fourth Amendment right to be free of "'unnecessarily destructive behavior, beyond that necessary to execute a warrant effectively.'" *Mena v. City of Simi Valley*, 226 F.3d 1031, 1041 (9th Cir. 2000) (quoting *Liston,* 120 F.3d at 979). The district court did not err by citing *Mena*, which was decided fourteen years before the events at issue here. The officers in *Mena* were investigating a drive-by shooting and were informed that the suspect was still armed with the .25 caliber handgun used in the shooting. *Id.* at 1034. The officers broke the door of the home with a battering ram, broke into the padlocked rooms, and detained the occupants in the garage for two to three hours before concluding the search. *Id.* at 1035–36. We held the officers were not entitled to qualified immunity, even though the suspect in that case presented a greater danger to the officers' safety than Ochoa, because the officers used unnecessarily destructive

_____

[4] Ochoa was ultimately located behind the house under the tarp where an officer had noticed movement before the Bearcat was employed.

force to effectuate the search, such as kicking in a patio door that was already open. *Id.* at 1041.

Defendants rely on *West v. City of Caldwell*, 931 F.3d 978 (9th Cir. 2019), to argue that they are entitled to qualified immunity. But *West* is distinguishable. It was decided five years after the subject search, and it involved an armed and extremely violent individual barricaded inside a home who had outstanding felony arrest warrants for several violent crimes, including driving his vehicle directly at a police officer. *Id.* at 981–82. *West* did not involve allegations that officers searched areas too small to hide a person. The district court correctly denied defendants' motion to dismiss the unreasonable search claims on qualified immunity grounds.

4. The district court did not err by denying qualified immunity to defendants Engstrom, Skedel, Lapre, Gragg, and Robinson on plaintiffs' failure-to-intervene claim. "[P]olice officers have a duty to intercede when their fellow officers violate the constitutional rights of a suspect or other citizen" if they have a "realistic opportunity" to intercede. *Cunningham v. Gates*, 229 F.3d 1271, 1289–90 (9th Cir. 2000) (quoting *United States v. Koon*, 34 F.3d 1416, 1447 n.25 (9th Cir. 1994), *rev'd on other grounds*, 518 U.S. 81 (1996)). "[T]he constitutional right violated by the passive defendant is analytically the same as the right violated

9

by the person who strikes the blows." *Koon*, 34 F.3d at 1447 n.25. The district court concluded the complaint plausibly alleged that each individual defendant had a realistic opportunity to intercede during the destruction of plaintiffs' property. At the 12(b)(6) stage, these allegations are sufficient to support the denial of qualified immunity to defendants Engstrom, Lapre, Skedel, Gragg, and Robinson on the failure-to-intervene claim.

**AFFIRMED. Defendants-appellants to bear costs.**